UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MABEL AMPONSAH,

    Plaintiff,

Case No. 17-cv-13531
Hon. Matthew F. Leitman

v.

RANDALL,

    Defendant.

_____/

### ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF #2), (2) SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT (ECF #1) WITHOUT PREJUDICE, AND (3) DENYING PLAINTIFF'S REQUEST FOR SERVICE BY UNITED STATES MARSHAL (ECF #3)

On October 30, 2017, Plaintiff Mabel Amponsah filed this civil action. (*See* Complaint, ECF #1.) The Complaint asserts claims against "Officer Randall." (*See id.*) Amponsah also filed an application to proceed in *in forma pauperis* (the "Application") (*see* ECF #2), and she requested that the Court direct the United States Marshal to serve the Summons and Complaint. (*See* ECF #3.) For the reasons stated below, the Court **GRANTS** Amponsah's Application, **DISMISSES** the Complaint without prejudice, and **DENIES** Amponsah's request for service by the U.S. Marshal.

# I[1]

Amponsah claims that she filed a police report at some point with Officer Randall at the Clinton Township Police Department. (*See* Compl., ECF #1 at Pg. ID 7.) Amponsah said in the report that her employment had recently been terminated and that she still possessed some of her former employer's product. (*See id.*) Officer Randall told her that she could "keep the product for [the] lawsuit [she apparently intended to file against the former employer]." (*Id.*)

A week later, two different police officers from the Clinton Township Police Department stopped Amponsah on the basis that she had stolen her former employer's product. (*See id.*) The two police officers confiscated the allegedly-stolen product. (*See id.*) Following the incident, Amponsah discovered that the police report she had earlier made to Officer Randall was not on file. (*See id.*) The Clinton Township Police Department later informed Amponsah that "they would drop the charges against [her] for having the product back." (*Id.*)

Amponsah has now filed this action against Officer Randall. She asserts claims under the Civil Rights Act of 1964 and the Equal Protection Clause of the Fourteenth Amendment. She also appears to assert state-law claims for "Outrageous Discrimination; Gross Negligence; Outrageous Misconduct; Breached [sic] of Contract; and Mental Anguish and Trauma." (*Id.* at Pg. ID 8.) She seeks $3,000 in compensatory damages. (*Id.*) As part of her requested relief, Amponsah also asks "[t]hat all Commercial Buildings

---

[1] The facts recited below are from Amponsah's Complaint. The Court treats them as true for purposes of this Order.

including Businesses [sic] centers, Stores, Gas Stations, Restaurant [sic], all who do business in the Community, must all have bathroom privileges for courtesy and prudent service to the members of the community in which they serve . . . ." (*Id.*) Amponsah further requests that "the Clinton Township Police should seek the Government approval again for more Tee Pee privileges in each community in the Nation." (*Id.*)

## II

Applications to proceed without the prepayment of fees or costs are governed by 28 U.S.C. § 1915(a)(1). That statute provides that a federal court "may authorize the commencement . . . of any suit, action, or proceeding . . . by a person who submits an affidavit that includes a statement of all assets . . . that the person is unable to pay such fees . . . ." *Id.*

In the Application, Amponsah states that she is unemployed, has no money in any bank accounts, and has no sources of income. (*See* Application, ECF #2 at Pg. ID 13-14.) The Court has reviewed the Application and is satisfied that the prepayment of the filing fee would cause an undue financial hardship on Amponsah. The Court therefore grants the Application and permits Amponsah to file her Complaint without prepaying the filing fee.

## III

### A

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss an *in forma pauperis* complaint *sua sponte* if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief

against a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Although a pro-se litigant's complaint (like the one Amponsah has filed here) is to be construed liberally, *see Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), it must nonetheless be dismissed if it fails to "plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief." *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001); *see also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme Court] nor other courts [] have been willing to abrogate basic pleading essentials in pro se suits.").

## B

Amponsah's claims lack an arguable basis in law or fact. Officer Randall's alleged failure to properly file Amponsah's police report, without more, does not even arguably amount to a violation of the Civil Rights Act of 1964 and/or the Equal Protection Clause of the Fourteenth Amendment. Indeed, Amponsah does not allege that Officer Randall acted against her based upon any classification that would implicate either the Civil Rights Act of 1964 or the Equal Protection Clause. Nor does Officer Randall's alleged conduct constitute a breach of contract or other state-law wrong alleged by Amponsah. And her request for relief related to toilet paper and bathroom privileges underscores that her claims lack any serious basis in law or fact.

This Court previously dismissed as frivolous another lawsuit by Amponsah in which she sought relief against Presidents George W. Bush, Barack Obama, and Donald Trump for failing to protect her well-being. *See Amponsah v. Trump, et al.*, Civil Action No. 17-11515 (E.D. Mich.), Order of Dismissal, ECF #5. The Court likewise dismisses this action as frivolous.

### III

Because the Court dismisses the Complaint, it also denies Amponsah's request for service by the United States Marshal.

### IV

For the reasons stated above, **IT IS HEREBY ORDERED THAT:**

1. The Application (ECF #2) is **GRANTED**.

2. The Complaint (ECF #1) is **DISMISSED WITHOUT PREJUDICE**.

3. Amponsah's request for service by U.S. Marshal (ECF #3) is **DENIED**.

   **IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 13, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 13, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764